JAMES TODD BENNETT
Attorney of Law
P. O. Box 742
El Cerrito, CA  94530
Telephone:  (510) 232-6559
California State Bar No.  113009

Attorney for Respondent
RAJINDER PAL SINGH

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **RAJINDER PAL SINGH**,<br><br>    Petitioner,<br><br>v.<br><br>**MICHAEL CHERTOFF**, Secretary, Department of Homeland Security, **NANCY ALCANTAR**, Field Office Director, Immigration and Customs Enforcement, and **ALBERTO GONZALES**, Attorney General of the United States,<br><br>    Respondent. | CASE NO:<br><br>**PETITION FOR WRIT OF HABEAS CORPUS OR, IN THE ALTERNATIVE, ORDER TO SHOW CAUSE**<br><br>[Alien Registration No.: A71 789 054] |

    Petitioner Rajinder Pal Singh, respectfully alleges as follows:

    1.  Petitioner is a citizen and national of India who was born on or about October 2, 1967, at Pelwanbia, Salhan, Punjab, India, and who has been present in the United States of America since 1991.  He is married by religious ceremony only to Navneet Ghotra, also an Indian citizen and national.  The couple has two

-1-

1  minor United States citizen children, Carol Singh, age 6, and
2  Kevin Tej Singh, age 8 months. Petitioner and his family reside
3  in Bakersfield, California, where they own their own residence
4  and petitioner owns and operates two tobacco stores. True and
5  correct copies of petitioner's identity document, birth
6  certificates of his children and documents relative to his
7  residential and economic ties to Bakersfield, California are
8  attached hereto and incorporated by reference as Exhibits A, B
9  and I.
10      2.   Respondent Alberto Gonzales is the Attorney General of
11  the United States of America, United States Department of Justice
12  (hereinafter DOJ).
13      3.   Respondent Michael Chertoff is the Secretary of the
14  Department of Homeland Security (hereinafter, DHS).
15      4.   Respondent Nancy Alcantar is the Field Office Director
16  of Detentions of the District of San Francisco, California,
17  Immigration and Customs Enforcement, DHS (hereinafter DHS/ICE).
18      5.   Petitioner is in the physical custody of respondents by
19  and through DHS/ICE, San Francisco District, 630 Sansome Street,
20  Fifth Floor, San Francisco, California 94111; telephone (415) 844-
21  5512, and is physically housed at the Santa Clara County Jail, in
22  violation of petitioner's rights secured under statue and the
23  Fifth Amendment of the United States constitution. Removal is
24  imminent since petitioner is subject to an administratively final
25  order of exclusion under 8 USC, former Section 1182(a)(7)(A)(i)(I)

1  entered without notice to petitioner on or about July 23, 1999 and
2  the delegates of respondents Chertoff and Alcantar have or are
3  about to obtain a travel document and intend to remove petitioner
4  to India forthwith pursuant to said order in violation of the
5  statutory and constitutional provisions set forth herein.  The
6  detention of petitioner by respondents is unlawful and in
7  violation of the due process clause of the Fifth Amendment in that
8  private counsel, Sydney J. Hall, an attorney at law, apparently
9  retained on behalf of petitioner by a former "immigration
10 consultant," Rama Hiralal, failed to advise and notify petitioner
11 of the entry of the administratively final order of exclusion by
12 respondent Gonzales' delegate, the Board of Immigration Appeals
13 (hereinafter BIA) or otherwise take steps to preserve petitioner's
14 right to judicial review, thereby resulting in the loss of
15 petitioner's right to judicial review of the exclusion order under
16 Section 309(c)(4) of the Illegal Immigration Reform and Immigrant
17 Responsibility Act of 1996.  <u>Siong v. INS</u> 376 F3d 1030, 1037 (9th
18 Cir. 2004) (failure to file notice of appeal and prejudice
19 presumed were error or omission deprives petitioner of appellate
20 rights); <u>Dearinger ex. rel. Volkova v. Reno</u> 232 F3d 1042, 1045 (9th
21 Cir. 2000) (failure to file timely petition for review); <u>Roe v.
22 Flores Ortega</u> 528 US 470, 120 S.Ct. 1029, 1038 (2000) (6th
23 Amendment right to counsel violated if petitioner/appellant can
24 show he would have appealed).  As a result, petitioner has
25 suffered prejudice through the loss of his substantive right to

1  judicial review secured by statute and removal is imminent despite
2  the statutory and constitutional deprivation.  The detention is
3  further unlawful in that respondents Chertoff and Alcantar and
4  their delegates have not removed petitioner within ninety days,
5  but have and continue to detain petitioner in excess of ninety
6  days and have refused to release petitioner despite a good faith
7  application for a travel document under 8 USC, Section 1231(a)(1).
8  The sole stated ground for the continued detention in excess of
9  the express terms of the statute is that "ICE is expecting to
10 receive a travel document for your removal from the United
11 States," which is not a ground for continued detention in excess
12 of ninety days under 8 USC, Section 1231(a)(1)(C) or under 8 CFR,
13 Section 241.4(d)(1) or (f) and any reliance upon such regulations
14 for continued detention in excess of ninety days is ultra vires
15 since the scope of such regulations exceeds the scope of 8 USC,
16 Section 1231(a)(1)(C) and violates due process as well.  e.g.,
17 <u>Noriega Lopez v. Ashcroft</u> 335 F3d 874, 884-5 (9th Cir. 2003); <u>Bui
18 v. INS</u> 76 F3d 268, 270-71 (9th Cir. 1996).
19        6.   This court has jurisdiction under 28 USC, Section
20 2241(c)(3).  Petitioner submits that the present petition is not
21 barred by Section 106 of Division B - Real ID Act of 2005, Title I
22 (hereinafter RIDA) since the deprivation of constitutional and
23 statutory rights herein have occurred after the entry of the final
24 administrative order and are outside of the scope of the
25 restrictions on habeas corpus jurisdiction placed on this court

1  under Section 106(a) of RIDA, codified at 8 USC, Section
2  1252(a)(5) and (b)(9).  In the alternative, if Section 106 of RIDA
3  is held to apply, the Section violates the due process clause of
4  the Fifth Amendment and Article I, Section 9, Clause 2, suspension
5  clause in this case, since Section 309(c)(4)(A) of the
6  transitional rules of the Illegal Immigration Reform and Immigrant
7  Responsibility Act of 1996 (hereinafter IIRIRA) previously
8  restricted review of administratively final orders of exclusion in
9  pre-IIRIRA proceedings to judicial review proceedings thereafter
10 codified under 8 USC, Section 1252 with a thirty day statute of
11 limitations from the date of the exclusion order within which to
12 file for such review under Section 309(c)(4) of IIRIRA and due to
13 the statutory and constitutional deprivations set forth in
14 paragraph 5, supra, petitioner now has no means of seeking review
15 of such deprivations under Section 106(a) of RIDA.
16      7.   Petitioner arrived at the San Francisco International
17 Airport on or about July 25, 1991 and was detained by officers of
18 the former Immigration and Naturalization Service (hereinafter
19 INS) former delegates of respondent Gonzales, for lack of a travel
20 document or visa.  Petitioner's native language was and is Punjabi
21 and at the time his English was limited.
22      8.   Thereafter, petitioner's brother, Surinder Singh,
23 retained one Rama Hiralal, a "legal consultant" doing business as
24 the Immigrant Legal Resource Center at 1369 North Carolina Street,
25 No. C, Burlingame, California  94010 (hereinafter Hiralal and

1  ILRC) to represent petitioner as to his claims for political
2  asylum.  Unknown to petitioner, Hiralal was not an attorney, but
3  he would hire or otherwise arrange for attorneys to appear in
4  proceedings before the Office of the Immigration Judge, San
5  Francisco, California (hereinafter OIJ/SF).
6      9.  The INS initiated exclusion proceedings against
7  petitioner with the issuance of a Form I-122 on or about July 26,
8  1991 which was filed with the OIJ/SF.  A true and correct copy of
9  the charging document is attached hereto and incorporated by
10 reference as Exhibit D.  Petitioner was charged as being
11 excludable under 8 USC, Section 1182(a)(7)(A)(i)(I).
12     10.  On or about July 30, 1991 petitioner was released from
13 custody by the former INS at an exclusion hearing before the
14 OIJ/SF set for that date was reset.
15     11.  Upon his release, petitioner met with Hiralal on no
16 less than three occasions, in the course of which petitioner
17 discussed the nature of his claims for asylum with Hiralal.
18     12.  On or about August 29, 1991 a Form I-589 was filed on
19 behalf of petitioner in support of his asylum claim before the
20 OIJ/SF.  The exclusion hearing was continued on several
21 occasions, with at least three different attorneys appearing,
22 none of whom were previously known to petitioner, including
23 Walter Pineda, then an attorney at law (hereinafter Pineda) who
24 ultimately entered an appearance before the OIJ/SF on or about
25 October 17, 1991.

1        13.   On or about February 14, 1993 exclusion proceedings
2   commenced before the OIJ/SF.  After testimony commenced, Pineda
3   advised the immigration judge that he had not previously met
4   with petitioner and, in fact, petitioner had never met Pineda
5   before February 14, 1993.  The hearing was continued.
6        14.  On February 23, 1993, exclusion proceedings resumed
7   before the OIJ/SF.  The immigration judge denied relief under 8
8   USC, Section 1158 and former Section 1253(h).  A true and
9   correct copy of the memorandum and oral decision is attached
10  hereto and incorporated by reference as Exhibit E.
11       15.  On or before March 5, 1993 a timely notice of
12  administrative appeal was filed with the BIA on petitioner's
13  behalf.
14       16.  At all times mentioned from 1993 through 2001,
15  petitioner received his mail at Post Office Box 1194, Selma,
16  California  93662, a postal box maintained by his brother
17  Surinder Singh.  A true and correct copy of the last postal box
18  service record is attached hereto and incorporated by reference
19  as Exhibit C.  During such time, petitioner regularly received
20  his mail at the aforementioned address.  The address was
21  provided to Hiralal.
22       17.  Thereafter, Sydney Hall, an attorney at law
23  (hereinafter Hall) filed an entry of appearance on behalf of
24  petitioner through unendorsed EOIR27 forms dated June 4, 1993
25  and July 14, 1993, and an endorsed EOIR27 on October 31, 1994.

1  At no time did petitioner meet or otherwise communicate with
2  Hall and, based on information and belief, Hall was retained on
3  behalf of petitioner by Hiralal.  All of Halls' EOIR27 forms
4  reflected petitioner's correct mailing address of Post Office
5  Box 1194, Selma, California 93662.
6      18. On or about July 14, 1993, Hall filed an extensive
7  administrative appeal brief on behalf of petitioner.  A true and
8  correct copy is attached hereto and incorporated by reference as
9  Exhibit F.
10     19. On or about July 23, 1999 the BIA issued a decision
11 and order per curiam dismissing the appeal.  Exhibit G.
12     20. Despite having petitioner's correct mailing address,
13 petitioner never received a copy of the adverse decision and
14 order of the BIA from Hall, the BIA or any other source prior to
15 his arrest and detention by the delegates of respondents
16 Chertoff and Alcantar on or about April 18, 2007.  At no time
17 did Hall advise petitioner of the thirty day jurisdictional
18 deadline to file a petition for review under IIRIRA, Section
19 309(c)(4).  Had petitioner received notice of the decision and
20 order petitioner would have filed a timely petition for judicial
21 review of the administrative order with the United States Court
22 of Appeals as provided for by the transitional rules.
23     21. On or about April 18, 2007, petitioner, who by now was
24 the father of two United States citizen children, a homeowner
25 and a successful business in Bakersfield, California, was

1  arrested by the delegates of respondents Chertoff and Alcantar
2  in Bakersfield, California, pursuant to the administratively
3  final order of exclusion.  He was thereafter incarcerated at the
4  Santa Clara County Jail.

5      22.  On or about July 3, 2007 respondents Chertoff and
6  Alcantar served petitioner with a custody review notice.  A true
7  and correct copy of the notice is attached hereto and
8  incorporated by reference as Exhibit H.

9      23.  Through new counsel retained after his arrest,
10 petitioner filed responsive documentation and applied for a
11 travel document on his own behalf and for United States
12 passports for his two children.  Exhibit I.

13     24.  On or about July 20, 2007, the delegates of
14 respondents Chertoff and Alcantar decided to not release
15 petitioner on grounds they were "expecting to receive a travel
16 document for your removal from the United States."  A true and
17 correct copy of the decision is attached hereto and incorporated
18 by reference as Exhibit J.

19     25.  At all times mentioned herein petitioner had a right
20 to effective assistance of counsel secured by the due process
21 clause of the Fifth Amendment to the federal constitution.
22 <u>Dearinger ex. Rel. Volkova v. Reno</u> 232 F3d 1042, 1045-6 (9th Cir.
23 2000).

26. At all times mentioned herein, the detention of petitioner by respondents was and is governed by the provisions of 8 USC, Section 1231(a)(1) and the due process clause.

27. Petitioner seeks review of his unlawful detention on the following grounds in violation of the due process clause of the Fifth Amendment and statute:

    a. Failure by Hall to advise petitioner of the final administrative order of exclusion or to take steps to preserve the right to review deprived petitioner of his right to petition for judicial review of the order under IIRIRA, Section 309(c)(4). Dearinger, at 1045; Siong at 1037; Roe at 1038.

    b. The continued detention of petitioner in excess of ninety days for the reason stated by respondents Chertoff and Alcantar's and their delegates violates 8 USC, Section 1231(a)(1)(C) and 8 CFR, Section 241.4(d)(1) and (f). Bui at 270-1.

    c. Any reliance on 8 CFR, Section 241.4 as authority to detain petitioner for reasons other than those stated in 8 USC, Section 1231(a)(1)(C) is ultra vires. Noriega Lopez at 884-5.

28. In the alternative, if this court determines that it lacks jurisdiction over this petition under Section 106(a) and (c) of RIDA despite the facts that the errors and omissions by counsel occurred after entry of the final administrative order, then Section 106(a) and (c) of RIDA must be found to be

unconstitutional under the due process clause of the Fifth Amendment and Article I, Section 9, Clause 2, suspension clause, of the federal constitution since in the case at hand petitioner has been deprived of any review of the order and the due process deprivation and since Section 106 of RIDA fails to provide an adequate substitute means of review.

29. As to the statutory and regulatory violations, petitioner need not demonstrate prejudice. <u>Bui v. INS</u> 76 F3d 268 (9th Cir. 1996). As to the constitutional violations, petitioner has lost the substantive right to judicial review under IIRIRA, Section 309(c)(4) and is now subject to under an exclusion order for no less than five years before he can seek to re-immigrate.

30. As an adequate remedy, petitioner requests an order of remand directing the BIA to reissue its decision and order to permit petitioner to file for judicial review. As to his ongoing detention, petitioner requests an order directing his release under appropriate terms and conditions pending the completion of this and any further proceedings.

31. Petitioner has no plain, speedy and adequate remedy at law since a final, albeit void, order of removal has been entered. Petitioner is in imminent danger of being removed by respondents despite the violation of his rights herein.

32. No other petition for writ of *habeas corpus* has been made on behalf of petitioner.

33. The matter has not been subject to judicial review by any other court of law.

34. A verification by petitioner of this petition is attached hereto.

35. Petitioner respectfully respects that he be admitted to reasonable bail and be released upon posting of bail pending the disposition of this petition should be detained by respondent.

WHEREFORE, petitioner prays that a writ of *habeas corpus* issue ordering:

1. That respondents bring the body of petitioner before this Court and that petitioner be released from custody if detained by respondents upon setting and posting of reasonable bail pending disposition of this petition.

2. That a writ of *habeas corpus* issue granting petitioner the relief herein requested;

3. That the Court grant all other such relief as the Court deems just and proper; and

4. That a stay order issue pending disposition of this petition.

///

///

1    In the alternative, petitioner prays that an order to show
2 cause issue directing respondents to show cause, if any, why the
3 relief prayed for herein should not be granted.
4
5 Dated: July 31, 2007
       JAMES TODD BENNETT
       Attorney for Respondent
6      RAJINDER PAL SINGH

-13-