```
JAMES TODD BENNETT
Attorney of Law
P. O. Box 742
El Cerrito, CA  94530
Telephone:  (510) 232-6559
California State Bar No.  113009

Attorney for Petitioner
RAJINDER PAL SINGH
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RAJINDER PAL SINGH,**<br><br>　　　Petitioner,<br><br>v.<br><br>**MICHAEL CHERTOFF**, Secretary, Department of Homeland Security, **NANCY ALCANTAR**, Field Office Director, Immigration and Customs Enforcement, and **ALBERTO GONZALES**, Attorney General of the United States,<br><br>　　　Respondents. | Case No.:<br><br>**NOTICE OF MOTION AND MOTION FOR EMERGENCY STAY OF EXECUTION AND APPLICATION FOR TEMPORARY STAY ORDER**<br><br>[Alien Registration No.: A71 789 054] |

　　　Rajinder Pal Singh, petitioner herein, hereby respectfully moves the United States District Court for an order staying the detention and removal of petitioner to India pursuant to the administrative order of exclusion issued by the Board of Immigration Appeals (hereinafter BIA) on or about July 23, 1999 by the Department of Homeland Security, United States of Immigration and Customs Enforcement, San Francisco District

(hereinafter DHS/ICE) by and through the San Francisco District deportation unit, 630 Sansome Street, 5th Floor, San Francisco, California 94111, pending disposition of his petition for writ of *habeas corpus* before the United States District Court, Northern District of California.

Petitioner further respectfully moves the United States District Court for a temporary stay of the execution of the aforementioned final order of removal by the respondents, pending a ruling on the present motion. <u>Maharaj v. Ashcroft</u> 295 F3d 963, 964-6 (9th Cir. 2002).

Execution of the final order of removal by DHS/ICE is imminent since petitioner is in the physical custody of respondents herein and removal to India is imminent upon receipt of a travel document. Accordingly, petitioner requests that a temporary order of emergency stay of execution of the final order of removal pending a ruling on the motion for stay.

**II**

**BASIS FOR WRIT**

The detention and removal of petitioner by respondents is unlawful in that:

The detention of petitioner by respondents is unlawful and in violation of the due process clause of the Fifth Amendment in that private counsel, Sydney J. Hall, an attorney at law, apparently retained on behalf of petitioner by a former "immigration

-2-

consultant," Rama Hiralal, failed to advise and notify petitioner of the entry of the administratively final order of exclusion by respondent Gonzales' delegate, the Board of Immigration Appeals (hereinafter BIA) or otherwise take steps to preserve petitioner's right to judicial review, thereby resulting in the loss of petitioner's right to judicial review of the exclusion order under IIRIRA, Section 309(c)(4).  Siong v. INS 376 F3d 1030, 1037 (9th Cir. 2004) (failure to file notice of appeal and prejudice presumed were error or omission deprives petitioner of appellate rights); Dearinger ex. rel. Volkova v. Reno 232 F3d 1042, 1045 (9th Cir. 2000) (failure to file timely petition for review); Roe v. Flores Ortega 528 US 470, 120 S.Ct. 1029, 1038 (2000) (6th Amendment right to counsel violated if petitioner/appellant can show he would have appealed).  As a result, petitioner has suffered prejudice through the loss of his substantive right to judicial review secured by statute and removal is imminent despite the statutory and constitutional deprivation.  The detention is further unlawful in that respondents Chertoff and Alcantar and their delegates have not removed petitioner within ninety days, but have and continue to detain petitioner in excess of ninety days and have refused to release petitioner despite a good faith application for a travel document under 8 USC, Section 1231(a)(1).  The sole stated ground for the continued detention in excess of the express terms of the statute is that "ICE is expecting to

receive a travel document for your removal from the United States," which is not a ground for continued detention in excess of ninety days under 8 USC, Section 1231(a)(1)(C) or under 8 CFR, Section 241.4(d)(1) or (f) and any reliance upon such regulations for continued detention in excess of ninety days is ultra vires since the scope of such regulations exceeds the scope of 8 USC, Section 1231(a)(1)(C) and violates due process as well.  e.g., Noriega Lopez v. Ashcroft 335 F3d 874, 884-5 (9th Cir. 2003); Bui v. INS 76 F3d 268, 270-71 (9th Cir. 1996).

    The district court has jurisdiction over the present petition on the following grounds:

    This court has jurisdiction under 28 USC, Section 2241(c)(3). Petitioner submits that the present petition is not barred by Section 106 of Division B - Real ID Act of 2005, Title I (hereinafter RIDA) since the deprivation of constitutional and statutory rights herein have occurred after the entry of the final administrative order and are outside of the scope of the restrictions on habeas corpus jurisdiction placed on this court under Section 106(a) of RIDA, codified at 8 USC, Section 1252(a)(5) and (b)(9).  In the alternative, if Section 106 of RIDA is held to apply, the Section violates the due process clause of the Fifth Amendment and Article I, Section 9, Clause 2, suspension clause in this case, since Section 209(c)(4)(A) of the transitional rules of the Illegal Immigration Reform and Immigrant

1  Responsibility Act of 1996 (hereinafter IIRIRA) previously
2  restricted review of administratively final orders of exclusion in
3  pre-IIRIRA proceedings to judicial review proceedings thereafter
4  codified under 8 USC, Section 1252 with a thirty day statute of
5  limitations from the date of the exclusion order within which to
6  file for such review under Section 309(c)(4) of IIRIRA and due to
7  the statutory and constitutional deprivations set forth in
8  paragraph 5, supra, petitioner now has no means of seeking review
9  of such deprivations under Section 106(a) of RIDA.

**III**

**BASIS FOR STAY MOTION**

The basis for this motion is as follows:

Petitioner incorporates by reference his Petition for Writ of *Habeas Corpus* or, In the Alternative, Order to Show Cause, and the attached exhibits, in support of the factual basis for this motion set forth below.

1. Petitioner is a citizen and national of India who was born on or about October 2, 1967, at Pelwanbia, Salhan, Punjab, India, and who has been present in the United States of America since 1991. He is married by religious ceremony only to Navneet Ghotra, also an Indian citizen and national. The couple has two minor United States citizen children, Carol Singh, age 6, and Kevin Tej Singh, age 8 months. Petitioner and his family reside

in Bakersfield, California, where they own their own residence and petitioner owns and operates two tobacco stores.

2.   Petitioner arrived at the San Francisco International Airport on or about July 25, 1991 and was detained by officers of the former Immigration and Naturalization Service (hereinafter INS) former delegates of respondent Gonzales, for lack of a travel document or visa.

3.   Thereafter, petitioner's brother, Surinder Singh, retained one Rama Hiralal, a "legal consultant" doing business as the Immigrant Legal Resource Center at 1369 North Carolina Street, No. C, Burlingame, California  94010 (hereinafter Hiralal and ILRC) to represent petitioner in his asylum case.  Unknown to petitioner, Hiralal was not an attorney, but he would hire or otherwise arrange for attorneys to appear in proceedings before the Office of the Immigration Judge, San Francisco, California (hereinafter OIJ/SF).

4.   The INS initiated exclusive proceedings against petitioner with the issuance of a Form J-110 on or about July 26, 1991 which was filed with the OIJ/SF.  Petitioner was charged as being excludable under 8 USC, Section 1182(a)(7)(A)(i)(I).

5.   On or about July 30, 1991 petitioner was released from custody by the former INS at an exclusion hearing before the OIJ/SF set for that date was reset.

6. Upon his release, petitioner met with Hiralal on no less than three occasions, in the course of which petitioner discussed the nature of his claims for asylum with Hiralal.

7. On or about August 29, 1991 a Form I-589 was filed on behalf of petitioner in support of his asylum claim before the OIJ/SF. The exclusion hearing was continued on several occasions, with at least three different attorneys appearing, none of whom were previously known to petitioner, including Walter Pineda, then an attorney at law (hereinafter Pineda) who ultimately entered an appearance before the OIJ/SF on or about October 17, 1991.

8. On or about February 14, 1993 exclusion proceedings commenced before the OIJ/SF. After testimony commenced, Pineda advised the immigration judge that he had not previously met with petitioner and, in fact, petitioner had never met Pineda before February 14, 1993. The hearing was continued.

9. On February 23, 1993, exclusion proceedings resumed before the OIJ/SF. The immigration judge denied relief under 8 USC, Section 1158 and former Section 1253(h).

10. On or before March 5, 1993 a timely notice of administrative appeal was filed with the BIA on petitioner's behalf.

11. At all times mentioned from 1993 through 2001, petitioner received his mail at Post Office Box 1194, Selma,

California 93662, a postal box maintained by his brother Surinder Singh. During such time, petitioner regularly received his mail at the aforementioned address. The address was provided to Hiralal.

12. Thereafter, Sydney Hall, an attorney at law (hereinafter Hall) filed an entry of appearance on behalf of petitioner through unendorsed EOIR27 forms dated June 4, 1993 and July 14, 1993, and an endorsed EOIR27 on October 31, 1994. At no time did petitioner meet or otherwise communicate with Hall and, based on information and belief, Hall was retained on behalf of petitioner by Hiralal. All of Halls' EOIR27 forms reflected petitioner's correct mailing address of Post Office Box 1194, Selma, California 93662.

13. On or about July 14, 1993, Hall filed an extensive administrative appeal brief on behalf of petitioner.

14. On or about July 23, 1999 the BIA issued a decision and order per curiam dismissing the appeal.

15. Despite having petitioner's correct mailing address, petitioner never received a copy of the adverse decision and order of the BIA from Hall, the BIA or any other source prior to his arrest and detention by the delegates of respondents Chertoff and Alcantar on or about April 18, 2007. At no time did Hall advise petitioner of the thirty day jurisdictional deadline to file a petition for review under IIRIRA, Section

309(c)(4). Had petitioner received notice of the decision and order petitioner would have filed a timely petition for judicial review of the administrative order with the United States Court of Appeals as provided for by the transitional rules.

16. On or about April 18, 2007, petitioner, who by now was the father of two United States citizen children, a homeowner and a successful business in Bakersfield, California, was arrested by the delegates of respondents Chertoff and Alcantar in Bakersfield, California, pursuant to the administratively final order of exclusion. He was thereafter incarcerated at the Santa Clara County Jail.

17. On or about July 3, 2007 respondents Chertoff and Alcantar served petitioner with a custody review notice.

18. Through new counsel retained after his arrest, petitioner filed responsive documentation and applied for a travel document on his own behalf and for United States passports for his two children.

19. On or about July 20, 2007, the delegates of respondents Chertoff and Alcantar decided to not release petitioner on grounds they were "expecting to receive a travel document for your removal from the United States."

20. At all times mentioned herein petitioner had a right to effective assistance of counsel secured by the due process clause of the Fifth Amendment to the federal constitution.

Dearinger ex. Rel. Volkova v. Reno 232 F3d 1042, 1045-6 (9th Cir. 2000).

## IV

## STANDARDS FOR STAY

Under the holding in Maharaj v. Ashcroft 295 F3d 963, 964-6 (9th Cir. 2002) and Abassi v. INS 143 F3d 513, 514 (9th Cir. 1998) petitioner respectfully submits that he is likely to prevail on the merits or, alternatively the issues herein are serious legal questions and the balance of hardships favor petitioners in that:

As to the *ultra vires* acts of respondents, such acts constitute a nullity which do not require a showing of prejudice.  Noriega-Lopez 335 F3d 874, 884-885 (9th Cir. 2003). As to the violation of statute, such acts do not require a showing of prejudice.   Bui v. INS 76 F3d 268, 270 (9th Cir. 1996).  As to the violations of the due process clause of the Fifth Amendment petitioner has experienced prejudice since:

a. The violations are clear, unequivocal errors of law;

b. Petitioner is the father of two minor United States citizen children.  Exhibits A, B and C.

c. Petitioner is a homeowner, subject to a mortgage. Exhibit D.

  d. Petitioner is the sole breadwinner for his family and owner and operator of two tobacco businesses subject to leaseholds.  Exhibits F, G and H.

  e. Petitioner will be barred from reentry for at least five years if removed.  8 USC, Section 1182(a)(9)(A)(i).

  f. Petitioner will be precluded from presenting further evidence in support of his application for relief under 8 USC, Section 1182 and former Section 1243(h) on remand if removed.

 If removed, petitioner will be separated from his family, unable to support them and will be barred from seeking further relief despite the constitutional and statutory deprivations herein.

**V**

**IMMINENT REMOVAL PENDING**

 Petitioner is in the physical custody of respondents and is subject to removal from the United States of America to India as soon as a travel document is obtained by the Department of Homeland Security, Bureau of Immigration and Customs Enforcement, by and through 630 Sansome Street, Room 548, San Francisco, California  94111.  On or about July 31, 2007 a copy of this application was served on the United States Attorney Office, Northern District of California, at 450 Golden Gate Avenue, 9th Floor, San Francisco, California.  In addition, a copy of this application has been served on the respondents by mail.

WHEREFORE, petitioner respectfully prays that the United States District Court issue an order:

1. Temporarily staying the execution of the administrative order of removal set forth herein by the Immigration and Customs Enforcement, Department of Homeland Security pending disposition of this motion for stay.

2. Staying the detention of petitioner by respondents pending disposition of this motion for stay.

3. Staying execution of the final order of removal set forth herein pending disposition of the petition herein; and

4. Granting other such relief as the Court deems just and proper.

Dated: July 31, 2007

JAMES TODD BENNETT
Attorney for Petitioner
RAJINDER PAL SINGH