SCOTT N. SCHOOLS, SCSBN 9990
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
EDWARD A. OLSEN, CSBN 214150
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-6915
FAX: (415) 436-6927

Attorneys for Respondents

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RAJINDER PAL SINGH,<br><br>    Petitioner,<br><br>v.<br><br>MICHAEL CHERTOFF, Secretary, Department of Homeland Security; NANCY ALCANTAR, Field Office Director, Immigration and Customs Enforcement; and ALBERTO GONZALES, Attorney General of the United States,<br><br>    Respondents. | No. C 07-3943-MMC<br><br>**RESPONDENTS' OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS** |

## I. INTRODUCTION

The petitioner is a native and citizen of India who was ordered excluded from the United States by an Immigration Judge on February 23, 1993, over fourteen years ago. The Board of Immigration Appeals (BIA) affirmed the Immigration Judge's exclusion order on July 23, 1999. The petitioner did not file a petition for review with the United States Court of Appeals for the Ninth Circuit. The petitioner also did not leave the country as directed. On April 18, 2007, the United States Immigration and Customs Enforcement (ICE) arrested the petitioner and intends to remove the petitioner to India forthwith.

On July 31, 2007, the petitioner filed a petition for writ of habeas corpus, asserting that he received ineffective assistance of counsel from his former attorney because his former attorney allegedly failed to provide him with a copy of the BIA's July 23, 1999 decision. The petitioner alleges that, as a result of this error, he missed his opportunity to file a timely petition for review of BIA's decision with the Ninth Circuit. The petitioner seeks an order from this Court directing the BIA to re-issue its decision, thereby giving him a new 30-day period within which to file a petition for review with the Ninth Circuit.[1]

This Court should deny the petition for writ of habeas corpus for at least two reasons. First, the petitioner has failed to exhaust his administrative remedies prior to seeking habeas relief by: (1) raising his ineffective assistance of counsel claim with the BIA, (2) complying with the requirements under *Matter of Lozada*, 19 I & N Dec. 637 (BIA 1988), and (3) asking the BIA to re-issue its decision. Second, even if this Court were to overlook the petitioner's failure to exhaust his administrative remedies prior to seeking habeas relief, this Court should dismiss the habeas petition because the petitioner has not provided this Court with any evidence to support his ineffective assistance claim. Specifically, the petitioner has not: (1) submitted an affidavit demonstrating and explaining his agreement with his former attorney, Sydney J. Hall, (2) submitted evidence that he has notified Hall of the allegations of ineffectiveness and given Hall the opportunity to respond, or (3) filed a disciplinary complaint against Hall with the State Bar of California. In the absence of any evidence that the petitioner has fulfilled these requirements, this Court is unable to make a finding of ineffective assistance of counsel.

---

[1] The petitioner also alleged in his habeas petition that he was being detained by ICE in violation of his due process rights and various statutory and regulatory provisions, but he has withdrawn that claim in light of ICE's release of the petitioner on a bond. *See* Parties' August 16, 2007 Stipulation.

OPPOSITION TO HABEAS PETITION
C-07-3943-MMC                    2

## II. FACTS AND PROCEDURAL HISTORY

The petitioner arrived in the United States on or about July 25, 1991, and was placed in exclusion proceedings.[2] Habeas Petition at Exhibit D. An Immigration Judge issued an exclusion order on February 23, 1993. Habeas Petition at Exhibit E. The BIA affirmed the Immigration Judge's exclusion order on July 23, 1999. Habeas Petition at Exhibit G. The petitioner did not file a petition for review with the United States Court of Appeals for the Ninth Circuit. The petitioner also did not depart the United States as directed. The ICE arrested the petitioner on April 18, 2007, and intends to remove the petitioner as soon as possible. Habeas Petition ¶ 20.

The petitioner filed this petition for writ of habeas corpus on July 31, 2007, along with an application for a temporary restraining order. On August 16, 2007, in lieu of litigating the application for a temporary restraining order, the parties filed a stipulation in which the parties: (1) asked the Court to hold the case in abeyance for sixty days, (2) agreed that the respondents would not remove the petitioner during that sixty-day period, and (3) agreed that the petitioner withdraws his claim in his habeas petition that his detention by ICE was in violation of his due process rights and his rights under 8 U.S.C. § 1231(a)(1)(C), 8 C.F.R. § 241.4(d)(1) and (f).

In support of their request that the Court hold the case in abeyance for sixty days, the parties informed the Court of their reasonable expectation that the Ninth Circuit would file an opinion in *Amarjeet Singh v. Chertoff*, Appeal No. 05-16005, within the next 60 days. The parties notified the Court that, in *Amarjeet Singh*, the Ninth Circuit could determine whether, and under what circumstances, a district court retains jurisdiction over habeas petitions alleging (as here) that an alien received ineffective assistance of counsel in connection with his or her removal proceeding. This Court signed the parties' stipulation on August 20, 2007.

---

[2] Since the enactment of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), "exclusion proceedings" and "deportation proceedings" have been merged into a broader category of "removal proceedings." *See Kalaw v. INS*, 133 F.3d 1147, 1149 n.2 (9th Cir. 1997). Before the enactment of IIRIRA, there were separate "exclusion" proceedings for persons seeking admission to the United States and "deportation" proceedings for persons who had already entered the United States. *See Landin-Zavala v. Gonzales*, 488 F.3d 1150, 1153 n.3 (9th Cir. 2007).

1   On August 29, 2007, the parties informed the Court that the Ninth Circuit filed an opinion in
2   *Amarjeet Singh v. Gonzales*, ___ F.3d ____, 2007 WL 2406862 (9th Cir. Aug. 24, 2007), and
3   stipulated to a briefing schedule on the petitioner's habeas petition.  In the stipulation, the
4   respondents agreed not to remove the petitioner prior to October 19, 2007.  This Court signed the
5   parties' stipulation to a briefing schedule on August 29, 2007.

6   The respondents hereby submit their opposition to the petitioner's habeas petition

### III.   ARGUMENT

**A.   *Amarjeet Singh v. Gonzales*, ___ F.3d ___ (9th Cir. Aug. 24, 2007)**

As an initial matter, it appears this Court has subject matter jurisdiction over the petition for writ of habeas corpus, in spite of the REAL ID Act of 2005, Pub. L. No. 109-13, § 106, 119 Stat. 231, 310-11 (2005), because the petitioner alleges that he received ineffective assistance of counsel after the entry of his exclusion order.

In *Amarjeet Singh*, the Ninth Circuit addressed whether the REAL ID Act of 2005 bars district court habeas review of an ineffective assistance of counsel claim alleging that the alien's former attorney had failed to file a timely petition for review with the Ninth Circuit from an adverse BIA order.  *Amarjeet Singh*, ___ F.3d ___, 2007 WL 2406862, at *4.  Under the REAL ID Act, a district court may not review an alien's removal order.  *Id.* at *5.  The Ninth Circuit concluded that, because the alleged ineffective assistance of counsel occurred after the issuance of the alien's removal order and the alien was only seeking re-issuance of the BIA's decision, the alien was not seeking review of his removal order and, accordingly, his claim was not barred by the REAL ID Act.  *Id*. at *7 ("For these reasons, Singh's second IAC claim cannot be construed as seeking judicial review of his final order of removal, notwithstanding his ultimate goal or desire to overturn that final order of removal.").

The Ninth Circuit also stated:

> The government contends that the BIA has authority to remedy the type of IAC claim that Singh has alleged against Lawyer 2 through reissuance of the BIA's original decision, thereby allowing the clock to begin ticking anew for the filing of a timely petition for review.  That Singh may have an alternative avenue for relief does not change our statutory analysis.  Our decision is limited to the question of jurisdiction in the district court.  On remand, we cannot predict what procedural or substantive hurdles Singh might face, such as his failure to comply with the

OPPOSITION TO HABEAS PETITION
C-07-3943-MMC                                                    4

> procedural requirements of *Lozada*. [Footnote 12]. We offer no judgment as to whether the district court will proceed with the claim on the merits or what additional administrative remedies may remain for Singh.

*Amarjeet Singh*, 2007 WL 2406862, at *8.

In footnote 12, the Ninth Circuit stated:

> *Dearinger* [*ex rel. Volkova v. Reno*, 232 F.3d 1042 (9th Cir. 2000)] held only that where, as here, an alien is prevented from filing an appeal in an immigration proceeding due to counsel's error, the alien may seek habeas review in a district court without filing a motion to reopen. 232 F.3d at 1045 n.4. *Dearinger* did not address the issue of *Lozada*. Although the requirements of *Lozada* are not "rigidly applied, especially when the record shows a clear and obvious case of ineffective assistance," an alien generally must satisfy the procedural requirements of *Lozada*. *Ray v. Gonzales*, 439 F.3d 582, 587-88 (9th Cir. 2006) (citing *Rodriguez-Lariz v. INS*, 282 F.3d 1218, 1227 (9th Cir. 2002)).

*Amarjeet Singh*, 2007 WL 2406862, at *9.

Thus, under *Amarjeet Singh*, it appears this Court has jurisdiction over the habeas petition because the alleged ineffective assistance of counsel occurred after the entry of the petitioner's exclusion order and the petitioner only seeks re-issuance of the BIA's decision, not review of his exclusion order.[3]

**B.    The Court Should Dismiss the Habeas Petition Because The Petitioner Has Failed to Exhaust His Administrative Remedies**.

Assuming this Court has jurisdiction over the habeas petition pursuant to *Amarjeet Singh*, this Court should nevertheless dismiss the habeas petition because the petitioner has not exhausted his administrative remedies by complying with the administrative procedure that the BIA has set forth, and that this Court has recognized, for pursuing an ineffective assistance of counsel claim.

1. <u>The Proper Administrative Procedure</u>

A claim of ineffective assistance occurring during or after the BIA's decision should be raised with the BIA in a motion to reopen. *See Lata v. INS*, 204 F.3d 1241, 1245-46 (9th Cir. 2000). At the BIA, the alien must: (1) submit an affidavit demonstrating and explaining his agreement with prior counsel regarding legal representation: (2) submit evidence that he notified former counsel of

---

[3] The government is currently considering whether to seek further review of the Ninth Circuit's opinion in *Amarjeet Singh*.

OPPOSITION TO HABEAS PETITION
C-07-3943-MMC                                       5

the allegations of ineffective assistance of counsel and provided former counsel an opportunity to respond (and if former counsel responded, the alien must submit the response to the BIA); and (3) submit evidence that he filed a disciplinary complaint with the State Bar. *Matter of Lozada*, 19 I & N Dec. 637 (BIA 1988). If and when the BIA denies such a motion to reopen, the alien can file a petition for review of the denial in the court of appeals under 8 U.S.C. § 1252(a)(1). *See Lo v. Ashcroft*, 341 F.3d 934, 935 (9th Cir. 2003).

The Ninth Circuit "require[s] an alien who argues ineffective assistance of counsel to exhaust his administrative remedies by first presenting the issue to the BIA." *Ontiveros-Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir. 2000); *see also Lo*, 341 F.3d at 937 (stating that "[b]efore making an ineffective assistance of counsel claim, an alien generally must comply with the procedural requirements established by the BIA in *Matter of Lozada*, 19 I & N Dec. 637 (BIA 1988), and adopted by this court") (quoting *Iturribarria v. INS*, 321 F.3d 889, 900 (9th Cir. 2003)). "Having established a procedure for review of ineffectiveness claims, the BIA should be given the first opportunity to correct any procedural errors committed during [the alien's] hearing." *Goonsuwan v. Ashcroft*, 252 F.3d 383, 389 (5th Cir. 2001); *see also Hernandez v. Reno*, 238 F.3d 50, 55 (1st Cir. 2001) ("Absent a threat of immediate deportation, a district court should in general decline to entertain a habeas petition challenging competency of counsel."). Moreover, the BIA can, despite the untimeliness of the motion, grant a motion to reopen if it finds that reopening is warranted. *See* 8 C.F.R. § 1003.2(a) ("The Board may at any time reopen or reconsider on its own motion any case in which it has rendered a decision.").

2. Courts Require Exhaustion of the Administrative Procedure As A PrudentialMatter

Although the filing of a motion to reopen with the BIA alleging an ineffective assistance claim is not a *jurisdictional* requirement that must be satisfied under 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right") because a motion to reopen is not an administrative remedy "as of right," *see Gama Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007), courts generally require, as a *prudential* matter, that available remedies be exhausted. *See Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003) ("Aside from statutory exhaustion requirements, courts may

prudentially require habeas petitioners to exhaust administrative remedies."); *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001) ("[W]e require, as a prudential matter, that habeas petitioners must exhaust available judicial and administrative remedies before seeking relief under § 2241."), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, ___ U.S. ___, 126 S. Ct. 2422, 2427 & n.5, 165 L.Ed.2d 323 (2006); *Gama Puga*, 488 F.3d at 815 ("[P]rudential limits, like jurisdictional limits and limits on venue, are ordinarily not optional.") (quoting *Castro-Cortez*, 239 F.3d at 1047).

The prudential considerations to be evaluated are whether "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Noriega-Lopez*, 335 F.3d at 881 (quoting *Montes v. Thornburgh*, 919 F.2d 531, 537 (9th Cir. 1990)); *see also Gama Puga*, 488 F.3d at 815 (same).

  3. <u>The Petitioner Failed to Exhaust His Administrative Remedies</u>

In this case, the petitioner failed to exhaust his administrative remedies by filing a motion to reopen with the BIA, alleging ineffective assistance of counsel, demonstrating compliance with the *Matter of Lozada* requirements, and asking the BIA to re-issue its decision. Moreover, as set forth below, the application of the prudential considerations demonstrates that this Court should not excuse the petitioner's failure to exhaust his administrative remedies. *See Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001) *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, ___ U.S. ___, 126 S. Ct. 2422, 2427 & n.5, 165 L.Ed.2d 323 (2006) ( "[W]e require, as a prudential matter, that habeas petitioners must exhaust available judicial and administrative remedies before seeking relief under § 2241."); *Gama Puga*, 488 F.3d at 815 ("[P]rudential limits, like jurisdictional limits and limits on venue, are ordinarily not optional.") (quoting *Castro-Cortez*, 239 F.3d at 1047).

First, the BIA's expertise in resolving claims of ineffective assistance of counsel cannot be disputed. *See Ontiveros-Lopez*, 213 F.3d at 1124 ("We generally will not consider a claim of error that the BIA has not first been given the opportunity to correct because to do so deprives us of the

benefit of the agency's expertise and a fully developed record."). The BIA's expertise makes agency consideration necessary to generate a proper record and reach a proper decision. *See Lata*, 204 F.3d at 1246 ("[T]he Board has laid out a comprehensive procedure that a petitioner should follow to support such and our sister circuits have adopted its reasoning."). Second, relaxation of this administrative exhaustion requirement would encourage (and has encouraged) deliberate bypass of the administrative scheme by skipping the BIA altogether and would result in the unnecessary filing of ineffective assistance of counsel claims in district court. This will frustrate Congress's interests in the orderly administration of the removal process and the finality of removal orders, burden the courts with unnecessary evidentiary hearings, and create obvious opportunities for forum shopping.

Finally, administrative review by the BIA could have conceivably precluded the need for judicial review if the petitioner had filed a motion to reopen with the BIA raising an ineffective assistance claim with the BIA, months if not years ago. This would have given the BIA the opportunity to review the ineffective assistance claim and, if found warranted, would have given the BIA the opportunity to re-issue its decision.

Although the petitioner alleges that he did not discover that the BIA had issued its decision until after the expiration of time within which to file a motion to reopen, *see* 8 C.F.R. § 1003.2(c) (stating that a motion to reopen must generally be filed within 90 days of the BIA's decision), the Ninth Circuit has recognized "equitable tolling of deadlines and numerical limits on motions to reopen or reconsider during periods when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error." *Socop-Gonzalez v. INS*, 272 F.3d 1176, 1187 (9th Cir. 2001) (en banc). Upon the discovery of his former attorney's alleged error, it was not unreasonable to expect the petitioner to have sought legal assistance elsewhere and promptly file a motion with the BIA based on ineffective assistance of counsel. *See, e.g., Rodriguez-Lariz v. INS*, 282 F.3d 1218, 1225 (9th Cir. 2002) ("Once they received notification that their initial motion for reconsideration, which was prepared by Torres, had been denied, they promptly retained new counsel and filed a motion to reopen within one month."). Here, the petitioner has not demonstrated that he exercised

reasonable diligence in discovering his former attorney's error.  As indicated above, the Immigration Judge issued his exclusion order on February 23, 1993, over fourteen years ago.  The petitioner has not described any steps he made to inquire into whether the BIA had decided his appeal during that fourteen-year period.  Moreover, although he was arrested on April 18, 2007 (and obviously discovered on that date that the BIA had issued its decision on July 23, 1999, and that he was subject to a final removal order), he waited until July 31, 2007 to raise an ineffective assistance claim (in district court, instead of at the BIA as he should have).

    4. **The Petitioner's Reliance On *Dearinger v. Reno*, 232 F.3d 1042 (9th Cir. 2000), Is Inapposite**

Any reliance that petitioner might place on *Dearinger v. Reno*, 232 F.3d 1042 (9th Cir. 2000), for the proposition that he need not exhaust his administrative remedies with the BIA, such reliance is misplaced.  It is true that in *Dearinger*, this Court stated that a failure to raise an ineffective assistance of counsel claim with the BIA "does not bar this court from hearing the claim."  *Dearinger*, 232 F.3d at 1044 n.4.  However, this statement is merely a recognition that exhaustion of administrative remedies is not a *jurisdictional* requirement.  The statement in *Dearinger* should not be read to mean that, as a *prudential* matter, a district court should not require a petitioner to exhaust his or her administrative remedies prior to seeking judicial review.  *See Castro-Cortez*, 239 F.3d at 1047 (stating that, while the exhaustion requirement in § 2241 cases is subject to waiver because it is not a "jurisdictional" prerequisite, "we require, *as a prudential matter*, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241.") (emphasis added); *see id.* at 1047 ("Prudential limits, like jurisdictional limits and limits on venue, are ordinarily not optional.").  The Ninth Circuit recently recognized this point in *Amarjeet Singh*, where the court stated:

> *Dearinger* held only that where, as here, an alien is prevented from filing an appeal in an immigration proceeding due to counsel's error, the alien may seek habeas review in a district court without filing a motion to reopen. 232 F.3d at 1045 n.4. *Dearinger* did not address the issue fo *Lozada*. Although the requirements in *Lozada* are not "ridigly applied, especially when the record shows a clear and obvious case of ineffective assistance," an alien generally must satisfy the procedural requirements of *Lozada*. *Ray v. Gonzales*, 439 F.3d 582, 587-88 (9th Cir. 2006) (citing *Rodriguez-Lariz v. INS*, 282 F.3d 1218, 1277 (9th Cir. 2002)).

*Amarjeet Singh*, ___ F.3d ___, 2007 WL 2406862, at * 8 n.12.

OPPOSITION TO HABEAS PETITION
C-07-3943-MMC                              9

**C. The Petitioner Has Not Provided This Court With Evidence In Support Of His Ineffective Assistance Of Counsel Claim.**

This Court should also deny the petition for writ of habeas corpus because, even this Court were to excuse the petitioner's failure to exhaust his administrative remedies by filing a motion to reopen with the BIA, the petitioner has failed to provide this Court with any evidence to support his ineffective assistance of counsel claim.

First, the petitioner has not submitted an affidavit detailing the agreement he had with his former attorney to file a petition for review with the Ninth Circuit.

Second, the petitioner has not provided this Court with any evidence that he has informed his former attorney of the allegations of ineffective assistance and given his former attorney the opportunity to respond.

Finally, the petitioner has not filed a complaint or complaints with the appropriate disciplinary authority, such as a state bar, with respect to any violation of his former attorney's ethical or legal responsibilities, or adequately explain why no filing was made. *See Matter of Lozada*, 19 I & N Dec. at 640. In *Matter of Assaad*, 23 I & N Dec. 553 (BIA 2003), the BIA explained the importance of the "complaint" requirement of *Matter of Lozada* as follows:

> [S]uch a filing increases our confidence in the validity of the particular claim, reduces the likelihood that an evidentiary hearing will be needed, and serves our long-term interests in monitoring the representation of aliens by the immigration bar. We further determined that the bar complaint requirement acts as a protection against collusion between counsel and client to achieve delay in proceedings.

*Matter of Assaad*, 23 I & N Dec. at 556 (internal citation omitted); *see also Castillo-Perez*, 212 F.3d at 526 (9th Cir. 2000) ("*Lozada* is intended to ensure both that an adequate factual basis exists in the record for an ineffectiveness complaint and that the complaint is a legitimate and substantial one.").

While the Matter of Lozada requirements need not be rigidly enforced if the record shows a clear and obvious case of ineffective assistance, *see Castillo-Perez v. INS*, 212 F.3d 518, 526 (9th Cir. 2000) ("While the requirements of *Lozada* are generally reasonable, they need not be rigidly enforced where their purpose is fully served by other means."); *Escobar-*

OPPOSITION TO HABEAS PETITION
C-07-3943-MMC                                        10

*Grijalva v. INS*, 206 F.3d 1331, 1335 (9th Cir. 2000) ("The Board's reasonable rules for the normal ineffective assistance claim are not dispositive here. The facts are plain on the face of the administrative record – no need of an affidavit to establish them."), *amended*, 213 F.3d 1221 (9th Cir. 2000), the record in this case does not show a clear and obvious case of ineffective assistance. In the absence of any response from the petitioner's former attorney, it is impossible to know why a petition for review was not filed with the Ninth Circuit. Although it might be because petitioner's former attorney simply failed to file one, it might also be because the petitioner did not have an agreement with his former attorney to file one or because a decision was made that a petition for review would not be successful. In the absence of a compliance by the petitioner with these requirements, it is impossible for this Court to make a finding of ineffective assistance of counsel.

## IV. CONCLUSION

For the reasons set forth above, this Court should deny the petition for writ of habeas corpus.

Date:   September 21, 2007                         Respectfully submitted,

                                                   SCOTT N. SCHOOLS
                                                   United States Attorney


                                                      /s/
                                                   EDWARD A. OLSEN
                                                   Assistant United States Attorney
                                                   Attorneys for Respondents