JAMES TODD BENNETT
Attorney of Law
P. O. Box 742
El Cerrito, CA  94530
Telephone:  (510) 232-6559
California State Bar No.  113009

Attorney for Petitioner
RAJINDER PAL SINGH

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **RAJINDER PAL SINGH**, <br><br> Petitioner, <br><br> v. <br><br> **MICHAEL CHERTOFF**, Secretary, Department of Homeland Security, **NANCY ALCANTAR**, Field Office Director, Immigration and Customs Enforcement, and **ALBERTO GONZALES**, Attorney General of the United States, <br><br> Respondent. | CASE NO:  C07 3943 MMC <br><br> **PETITIONER'S REPLY TO RESPONDENTS' OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS** <br><br> [Alien Registration No.: A71 789 054] |

**I**

**INTRODUCTION**

Rajinder Pal Singh, petitioner herein, hereby respectfully replies to the "Respondents' Opposition to Petition for Writ of Habeas Corpus" (hereinafter "Opposition") filed and served by respondents Michael Chertoff, Nancy Alcantar and Alberto

-1-

Gonzales[1] (hereinafter individually by surname and as "respondents" collectively) on or about September 21, 2007 in the above-entitled action.

The opposition raises two grounds upon which respondents oppose the Petition for Writ of Habeas Corpus Or, In the Alternative, Order to Show Cause (hereinafter "petition") filed and served on or about July 31, 2007.  First, petitioner has allegedly failed to exhaust administrative remedies in an action where the constitutional deprivation occurred *after* entry of an administrative final order of exclusion, rather than during the administrative proceeding, and which is beyond the jurisdiction of the Board of Immigration Appeals (hereinafter BIA), a delegate of respondent Gonzales.  Second, there is no "evidence" supporting the claim of ineffective assistance of counsel, despite the fact that the habeas petition is verified and otherwise uncontested as to the facts contained therein. As set forth below, the opposition is without merit, the case falls within the parameters of Singh v. Gonzales, et. al. __ F3d __ (9th Cir. 8/24/07) Case No. 05-16005, and the petition herein must be granted.

---

[1] Since resigned and replaced by acting attorney general Peter Keisler.

**II**

**PROCEDURAL BACKGROUND**

On or about July 31, 2007 petitioner filed his habeas petition with the District Court. Pursuant to a stipulation the District Court issued an order on or about August 20, 2007 placing the proceeding in abeyance for 60 days pending a decision in Singh v. Gonzales, et. al., Case No. 05-16055, United States Court of Appeals for the Ninth Circuit. On or about August 24, 2007 the Court of Appeals issued a precedent decision in Singh v. Gonzales __ F3d __ (9th cir. 8/24/07, Case No. 05-16005). A further stipulation was submitted to the District Court, setting a proposed briefing schedule and a hearing date of October 19, 2007. The District Curt thereafter issued an order pursuant to the stipulation.

**III**

**FACTUAL BACKGROUND**

Petitioner incorporates by reference the factual allegations set forth in paragraphs 1 through 26 of the habeas petition at this point. Respondents do not dispute the facts in the habeas petition.

In addition, the following synopsis of the essential facts will help clarify the issue before the court. As set forth in the petition, petitioner was detained by the former Immigration and Naturalization Service (hereinafter INS) at the San Francisco International Airport on or about July 25, 1991.

         While petitioner was in INS custody, his brother, Surinder Singh retained one Rama Hiralal, who he thought was an attorney, to represent petitioner in exclusion proceedings before the Office of the Immigration Judge, San Francisco, California (Petition, 5-6).  Petitioner was under the impression that Hiralal was his attorney, but on the date of his hearing a then attorney named Walter Pineda appeared at his hearing before the Immigration Judge, a person unknown to petitioner. (Id.)  The matter was continued from February 14, 1993 to February 23, 1993 when it became apparent that Pineda knew nothing about the case. After the immigration judge denied relief under 8 USC, Section 1158 and former Section 1253(h), an appeal was apparently filed on behalf of petitioner (Petition, 6-7).  Thereafter, Sydney S. Hall, another attorney unknown to petitioner, filed a brief on behalf of petitioner and on each of his three entry of appearances filed on three different occasions with the BIA indicated petitioner's correct mailing address (Petition, 7-8). After the denial of the administrative appeal, petitioner never received notice of the decision from Hall or anyone else until he was arrested by the Department of Homeland Security on or about April 18, 2007 (Petition, 8).  As a result, petitioner lost his right to seek federal review under 8 USC, Section 1252 by Hall's failure to notify him of the adverse decision.

**IV**

**JURISDICTION**

Respondents further concede that the District Court has subject matter jurisdiction over the present petition under the holding in <u>Singh</u>. Since there is an allegation of ineffective assistance of counsel after entry of an adverse administratively final order, in this case an order in exclusion proceedings commenced under Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (8 USC, Section 1182(a)(7)(A)(i)(I)) prior to the enactment of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (hereinafter IIRIRA)[2], and since petitioner, like <u>Singh</u>, is not seeking review of the final order of exclusion the District Court has jurisdiction.

**V**

**RESPONDENT'S CONTENTIONS**

Having conceded the essential facts contained in the petition and District Court habeas jurisdiction in this proceeding, respondents attempt to obscure the issue by importing pre-final order administrative law standards for review of a final order of removal, deportation or exclusion into this post-final administrative order of exclusion habeas

---

[2] Judicial review of exclusion orders were previously conducted by the habeas review. Under the transitional rules of IIRIRA, Section 309(c)(4), the exclusion order issued after enactment of IIRIRA in proceedings commenced before the enactment thereof are subject to judicial review under 8 USC, Section 1252.

1  review of a clear case of ineffective assistance of counsel and,
2  in essence, prevail upon the Court to ignore the precedent in
3  <u>Singh</u>.
4      First of all, respondents attempt to import admittedly
5  administrative law requirements from executive branch
6  proceedings applicable to judicial review of a final
7  administrative order.  However, as conceded by respondents, the
8  present petition involves a post-final administrative order due
9  process deprivation under the Fifth Amendment, and not review of
10 a final order.  The Board of Immigration Appeals, Executive
11 Office for Immigration Review, United States Department of
12 Justice (hereinafter BIA; EOIR; DOJ) is an executive agency
13 created by regulation with circumscribed jurisdiction.  It has
14 *no* jurisdiction over post-final administrative order
15 constitutional deprivations which do not involve review of the
16 final order.  8 CFR, former Sections 3.1(b), (c), (d); 8 CFR,
17 Section 1003.1(b), (c), (d).  Accordingly, the by now all but
18 ritualistic formula of the hoary administrative law decision,
19 <u>Matter of Lozada</u> 19 I&ND 637 (BIA, 1988) and cases interpreting
20 it, has no application to the present proceeding.  Likewise, any
21 reading of the facts in <u>Gama Puga v. Chertoff, et. al.</u> 488 F3d
22 812 (9th Cir. 2007), a case involving pre-final administrative
23 order ineffective assistance of counsel, for application of the
24 "prudential doctrine" in favor of "administrative exhaustion" is
25 in error since the underlying administrative decision is final,

review is of a post-decisional constitutional deprivation, and the agency, to which "prudence" is supposedly due, has no jurisdiction. Finally, without citing any authority on point for the mechanism, respondents trot out the possibility of filing a time-barred administrative motion under 8 CFR, former Section 3.2(c)(2), 8 CFR, Section 1003.2(c)(2) to reopen exclusion proceedings in order to "retrigger" or "reissue" the decision, even though, according to respondents, such a motion would be barred for "lack of diligence" (actually a lack of notice by counsel for nearly eight years after the decision), thereby underscoring, rather than defeating, the absolute necessity for the relief requested herein. To repeat, the BIA has nothing to reopen or review under 8 CFR, former Section 3.1(b), 8 CFR, Section 1003.1(b), since the error and omission occurred after entry of the final order. In short, the first argument consists of little more than a rehash of various "habeas substitutes" broached by respondents in <u>Singh</u> and rejected.

As to the second contention, respondents change the bridle on the same tired administrative law pony from their first contention and drag it back into the arena. Again, the <u>Lozada</u> triptych is unfolded. Again, the pre-final administrative law decision is erroneously invoked as applicable to the post-administrative world. Finally, in an effort to render the inapplicable applicable, respondents brazenly misstate the

1 deprivation issue as being Hall's failure to file a petition for
2 review as the deprivation suffered by petitioner.  Such is not
3 the case.  The constitutional deprivation suffered by petitioner
4 is the utter failure of Hall to even notify petitioner of the
5 BIA's adverse decision at petitioner's known mailing address, so
6 that petitioner *could* thereafter file a petition for review in
7 pro se or through the counsel of his choice.  The failure to
8 provide notice by Hall is undisputed by respondents and no
9 evidence to the contrary is before the Court.  In the final
10 analysis, the second contention of respondents is little more
11 than a will o' the wisp.

## VI

## REPLY ARGUMENT

A.  The District Court Has Jurisdiction Over the Habeas Petition Because the Real ID Act of 2005 Does Not Apply Under <u>Singh v. Gonzales</u>

Under the provisions of the Real ID [sic] Act of 2005 (hereinafter RIDA) the District Court is stripped of habeas jurisdiction over review of final orders of removal.  8 USC, Section 1252(a)(5); 1252(b)(9).  However, under <u>Singh</u> a narrow exception arises where a Fifth Amendment due process deprivation through ineffective assistance of counsel occurs after entry of the final administrative order since such review does not entail review of the order of removal itself, and falls outside of the restrictions on habeas jurisdiction under RIDA.  <u>Singh</u> at 10473-

4; 10487-8.  Thus, where the remedy does not entail a review of the final order itself, habeas jurisdiction lies with the District Court.  Singh at 10486-8.

In the case at hand, the attorney error occurred after the final order issued on July 23, 1999 due to the failure of administrative appellate counsel, Hall, who entered an appearance on behalf of petitioner before the BIA without petitioner's knowledge, to notify petitioner of the adverse administrative decision and order dismissing the appeal.  Under the transitional rules, petitioner had thirty days within which to file a petition for review with the United States Court of Appeals.  IIRIRA, Section 309(c)(4).  Hall at all times knew petitioner's correct mailing address.  Hall never notified petitioner of the decision, resulting in a loss of the right to seek judicial review. (Petition, 8).

The remedy sought is an order by the District Court ordering the BIA to reissue the decision with a thirty day time period to seek judicial review.  The remedy does not affect the final BIA administrative decision of July 23, 1999.  Rather, a restoration of the right of federal judicial review is sought. Singh, at 10474.

The constitutional deprivation is quite similar to the deprivation in Singh and in Dearinger ex rel. Volkova v. Reno 232 (F3d 1042, 1045-6 (9th Cir. 2000).  In those cases, the attorney failed to file a timely petition for review in the

United States Court of Appeals.  Here, the attorney failed to give notice of the administrative decision and order, thereby precluding such review altogether.  In all three cases, the remedy did and will not affect the final administrative order itself.  Accordingly, the District Court has jurisdiction over the petition under Singh.

    B.    Failure By Counsel to Notify Petitioner of the Final BIA Administrative Decision and Resulting Loss of Right to Judicial Review Constitutes Ineffective Assistance of Counsel

        1.    Constitutional Claim

The right to effective assistance of counsel arises under the due process clause of the Fifth Amendment.  Baires v. INS 856 F2d 89, 90-91 (9th Cir. 1998); Mohesseni Behbahani v. INS 796 F2d 249, 250-2 (9th Cir. 1986).  The issue therefore arises under habeas jurisdiction 28 USC, Section 2241(c)(3).

        2.    Standard for Ineffective Assistance

In the Ninth Circuit, the standard for ineffective assistance of counsel is whether ineffective assistance "may" have affected the outcome of the proceeding.  Mohammed v. Gonzales 400 F3d 785, 793-4 (9th Cir. 2005).  Ineffective assistance of counsel rises to the level of a due process violation when the proceeding is so fundamentally unfair so as to preclude the petitioner from reasonably presenting his case.  *Id.*, at 793.  To prevail, petitioner must demonstrate:  1)

counsel failed to perform with sufficient competence; which 2) resulted in prejudice which may have affected the outcome of the proceeding. *Id.*, at 793-4; Ortiz v. INS 179 F3d 1148, 1153 (9th Cir. 1999). However, where the alien is deprived of judicial review entirely, prejudice is presumed where there is a plausible ground for relief. Dearinger at 1045. Any application of the Lozada requirements for ineffective assistance during an administrative proceeding are circumscribed where the error appears on the face of the record. Granados-Oseguera v. Gonzales 464 F3d 993, 997-98 (9th Cir. 2006).

### 3. Ineffective Assistance of Counsel in Post-Final Administrative Order Proceedings

When counsel fails to file a petition for review with the Court of Appeals, a clear and obvious case of ineffective assistance is evident which rises to the level of a due process violation since the alien is precluded from reasonably presenting his case. Granados Oseguera at 998. When an alien is prevented from filing an appeal due to error of counsel, the alien is deprived of the appellate procedure entirely. Dearinger at 1045. As noted, prejudice is presumed in such instances, as long as plausible grounds for relief can be shown. Otherwise, prejudice must be demonstrated. Mohesseni Behbahani at 251.

### 4. Petitioner Suffered Ineffective Assistance of Counsel and Has Plausible Relief

In the case at hand, the failure of Hall to even notify petitioner of the adverse decision by the BIA effectively precluded the pursuit of federal judicial review altogether and thus prejudice is presumed. Petitioner was clearly a victim of a bizarre scheme wherein the person he assumed to be an attorney (Hiralal) was not; he was instead "represented" by four successive attorneys, all unknown to him, including Pineda, who candidly admitted mid-hearing that he never met, much less prepared, petitioner before his final hearing; and culminating with the representation of Hall, who petitioner never met and who never notified petitioner of the final order of exclusion despite knowing petitioner's correct mailing address. On judicial review, petitioner clearly could have explained the discrepancies in his testimony resulting in an adverse credibility finding as a result of the impact of the bizarre "representation" scheme and as matters which did not go to the heart of his claim for relief.

### 5. No Administrative Exhaustion Required and the Prudential Doctrine Does Not Apply

Since the constitutional deprivation in the present proceeding by Hall occurred after the final administrative order of removal, the BIA has no jurisdiction over such a deprivation. See 8 CFR, former Section 3.1(b), (c), (d); 8 CFR, Section

1003.1(b), (c), (d).  Any assertion that an administrative motion to reopen as to the final administrative order under 8 CFR, former Section 3.2(c)(2) or 8 CFR, Section 1003.2(c)(2) is inapposite and, even if the BIA had subject matter jurisdiction, such motions are time barred by a post-decisional 90 day time limit.  Moreover, even if the BIA had subject matter jurisdiction, administrative motions to reopen are discretionary, and not a matter of right, so a failure to exhaust such a remedy, even if it existed in the present case, is not a bar to habeas jurisdiction.  <u>Noriega Lopez v. Ashcroft</u> 335 F3d 874, 881 (9th Cir. 2003).  Accordingly, the doctrine of administrative exhaustion does not apply.

In the same regard, the "prudential doctrine" does not apply since the BIA has no jurisdiction over the subject matter.  Respondents' reliance on <u>Gama Puga v. Chertoff, et. al.</u> 488 F3d 812 (9th Cir. 2007) is entirely misplaced in this regard since that case involved a claim of ineffective assistance of counsel before commencement and in the course of the administrative proceedings.  The doctrine, therefore, does not apply.

C.   Remedy

As set forth in the petition and thoroughly consistent with <u>Singh</u>, petitioner's remedy is for an order remanding the proceeding to the BIA for re-issuance of the administrative

-13-

decision and order so as to afford petitioner his right to seek judicial review thereof.

## VII

## CONCLUSION

Based on the foregoing, it is respectfully requested that the relief requested in the petition be granted.

Dated: October 3, 2007              /s/
                                    JAMES TODD BENNETT
                                    Attorney for Petitioner
                                    RAJINDER PAL SINGH