IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAJINDER PAL SINGH, | No. C-07-3943 MMC |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| MICHAEL CHERTOFF, et al., | |
| Respondents. | |

Before the Court is petitioner's "Petition for Writ of Habeas Corpus, or, in the Alternative, Order to Show Cause" (hereinafter "Pet."), filed July 31, 2007, by which petitioner seeks an order directing the Board of Immigration Appeals ("BIA") to reissue its decision, so as to afford petitioner a renewed period in which to file a petition for review with the Ninth Circuit Court of Appeals, and an order directing that petitioner be released from custody. Respondents Michael Chertoff, Nancy Alcantar, and Alberto Gonzalez ("respondents") have filed opposition, to which petitioner has replied. Having considered the papers filed in support of and in opposition to the petition, the Court finds the petition appropriate for decision without oral argument, see Civil L.R. 7-1(b), VACATES the October 12, 2007 hearing, and rules as follows.

**BACKGROUND**

On July 25, 1991, petitioner arrived at San Francisco International Airport,

1 whereupon he was detained by the Immigration and Naturalization Service for failing to
2 possess a valid travel document or visa. (See Pet. ¶ 7.) Petitioner subsequently asserted
3 he qualified for political asylum and arranged for legal representation through an
4 intermediary. (See id. ¶ 8.) Petitioner appeared, with counsel, before an Immigration
5 Judge at an exclusion hearing held on February 23, 1993. (See id. ¶¶ 12-14.) Following
6 the Immigration Judge's adverse decision, a different attorney, with whom petitioner asserts
7 he never met or communicated, filed an appeal with the BIA on petitioner's behalf. (See id.
8 ¶¶ 17-18.)

9 On July 23, 1999, the BIA issued its decision dismissing petitioner's appeal. (See
10 Pet. Exhibit G.) Petitioner states he did not receive a copy of the BIA's decision from his
11 attorney, the BIA, or any other source at that time. (See id. ¶ 20.) Petitioner asserts he
12 would have filed a petition for review of the BIA's decision had he received notice of said
13 decision. (See id.) Petitioner states he was arrested and detained by agents of
14 respondents on April 18, 2007. (See id.)

15 Petitioner claims his attorney's failure to inform petitioner of the BIA's decision or
16 otherwise preserve petitioner's right to judicial review constitutes ineffective assistance of
17 counsel in violation of Fifth Amendment due process guarantees. (See id. ¶ 27(a).)
18 Petitioner seeks an order directing the BIA to reissue its decision, so as to afford petitioner
19 the opportunity to file a petition for judicial review. (See id. ¶ 30.)

20 Petitioner also claims he has been held in custody from April 18, 2007 through the
21 present date, in violation of a 90-day limitation on detention imposed by 8 U.S.C. §
22 1231(a)(1). (See Pet. ¶ 5); see also 8 U.S.C. §§ 1231(a)(1), (2) (mandating detention of
23 alien during 90-day "removal period" after alien is ordered removed). Petitioner seeks an
24 order directing his release under appropriate terms and conditions, pending the completion
25 of this and further proceedings. (See id. ¶ 30.)

26 **DISCUSSION**
27 **A.    Request for Order Directing BIA to Reissue its Decision**
28 Petitioner brings his claims under 28 U.S.C. § 2241 ("§ 2241"). Before filing the

instant petition, petitioner did not attempt to raise his ineffective assistance of counsel claim with the BIA by way of a motion to reopen.  The parties do not dispute that failing to exhaust administrative remedies in such manner is not a jurisdictional bar to petitioner's bringing an ineffective assistance of counsel claim with this Court under § 2241.  See Dearinger v. Reno, 232 F.3d 1042, 1045 n.4 (9th Cir. 2000) (holding failure to raise ineffective assistance claim with BIA in motion to reopen does not bar court from hearing claim).  "[A]s a prudential matter," however, habeas petitioners must exhaust available judicial and administrative remedies before seeking relief under § 2241.   See Castro-Cortez v. INS, 239 F.3d 1037, 1047 (9th Cir. 2001) ("[W]e require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241.").[1]

      Petitioner argues the exhaustion requirement is inapplicable where the alleged ineffective assistance of counsel occurs after the BIA has issued its decision and where counsel fails to notify the applicant of the BIA's decision.  (See Petitioner's Reply at 6-8.)  Petitioner cites no case that makes such a distinction.  Contrary to petitioner's argument, (see Reply at 6:14-16), the BIA has jurisdiction to address the instant claim; a claim of ineffective assistance of counsel arising after the BIA has ruled may be brought before the BIA in a motion to reopen.  See, e.g., Lata v. INS, 204 F.3d 1241, 1245-46 (9th Cir. 2000) (holding where ineffective assistance is asserted to have occurred after BIA's ruling, ineffective assistance claim may be raised with BIA in motion to reopen); Chandra v. Ridge, 2004 WL 2091991, at *2-3 (N.D. Cal. 2004) (denying petition, for failure to exhaust; holding where attorney failed to inform petitioner of BIA decision, petitioner should have filed motion to reopen with BIA).

      Additionally, in the present case, prudential considerations weigh in favor of requiring exhaustion.  As identified by the Ninth Circuit, the relevant prudential

---

[1] Cf. Granados-Oseguera v. Gonzalez, 464 F.3d 993, 994 (9th Cir. 2006) (not requiring exhaustion of ineffective assistance claim where alien was represented by same allegedly incompetent counsel throughout agency proceedings, including filing of motion to reopen).

3

considerations are: "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." See Noriega-Lopez v. Ashcroft, 335 F.3d 874, 881 (9th Cir. 2003) (internal quotation and citation omitted).

The first consideration weighs in favor of requiring exhaustion, as the BIA is well-equipped to evaluate claims of ineffective assistance of counsel. See Lata, 204 F.3d at 1246. Here, petitioner claims his appeal to the BIA was pending for more than 6 years without his having made any inquiry of his appellate counsel or the BIA as to the status of his case and, indeed, without his ever having communicated with his counsel. The BIA has an explicit framework in place for considering such claims. See id. (discussing BIA's "comprehensive procedure" for evaluating ineffective assistance claims).[2] The second consideration likewise weighs in favor of requiring exhaustion, as allowing petitioner to bypass the administrative scheme established to deal with ineffective assistance claims would encourage others to deliberately do the same. With respect to the third factor, although petitioner does not claim the agency itself erred in connection with the notice of its decision, the record before this Court is silent as to the manner in which the BIA provided such notice to counsel and/or petitioner, which evidence may reflect a procedural error on the part of the BIA, and, in any event, is relevant to petitioner's claim that his counsel was ineffective.

Accordingly, the Court finds, as a prudential matter, that petitioner is required to exhaust the administrative remedy available to him before seeking relief with this Court under § 2241.

---

[2] Those procedures include: "(1) an affidavit by the alien setting forth the agreement with counsel regarding the alien's representation; (2) evidence that counsel was informed of the allegations and allowed to respond; and (3) an indication that a complaint has been lodged with the bar, or reasons explaining why not." See id. (citing Matter of Lozada, 19 I. & N. Dec. 637, 639 (BIA 1988), aff'd, 857 F.2d 10 (1st Cir. 1988)).

4

**B.     Request for Order Directing Release**

Petitioner argues his detention from April 18, 2007 to the present date violates 8 U.S.C. § 1231(a)(1)(C).  (See Pet. ¶ 27(b).)  Section 1231(a) provides, in relevant part:

> (1) Removal period
> (A) In general
> Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period").
>
>  . . .
>
> (C) Suspension of period
> The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.
>
> (2) Detention
> During the removal period, the Attorney General shall detain the alien. Under no circumstance during the removal period shall the Attorney General release an alien who has been found inadmissible under section 1182(a)(2) or 1182(a)(3)(B) of this title or deportable under section 1227(a)(2) or 1227(a)(4)(B) of this title.

8 U.S.C. § 1231(a) (2007).  Petitioner argues he has made a good faith application for travel documents in compliance with § 1231(a)(1)(C) and thus his detention cannot properly be extended beyond 90 days.  (See Pet. ¶ 5.)

Petitioner's reliance on § 1231(a)(1)(C) is misplaced, however, as petitioner's continued detention is not governed by § 1231(a)(1)(C); rather, petitioner's continued detention is governed by 8 U.S.C. § 1231(a)(6).  Section 1231(a)(6) provides:

> (6) Inadmissible or criminal aliens
> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6) (2007).  Section 1231(a)(6) applies here because petitioner is "an alien ordered removed who is inadmissible under section 1182 of [Title 8]." (See Pet. Exhibits E, G (Memorandum of Oral Decision of Immigration Judge of February 23, 1993,

5

1  ordering petitioner removed; BIA Decision of July 23, 1999, holding petitioner inadmissible
2  under 8 U.S.C. § 1182(a)(7)(A)(i)(I)).)

3  Title 8 U.S.C. § 1231(a)(6) limits an alien's detention beyond the removal period to
4  "a period reasonably necessary to bring about that alien's removal from the United States."
5  See Zadvydas v. Davis, 533 U.S. 678, 689 (2001).  A detention period of six months is
6  presumptively reasonable under 8 U.S.C. § 1231(a)(6).  See id. at 701; see also Ma v.
7  Ashcroft, 257 F.3d 1095, 1102 n.5 (9th Cir. 2001) (adopting "presumptively reasonable"
8  detention period of six months).  "After this 6-month period, once the alien provides good
9  reason to believe that there is no significant likelihood of removal in the reasonably
10 foreseeable future, the Government must respond with evidence sufficient to rebut that
11 showing."  Zadvydas, 533 U.S. at 701.

12 Petitioner states he has been in custody since April 18, 2007, a period of 5 months
13 and 24 days.  Thus, petitioner has not shown he has been detained longer than the
14 "presumptively reasonable" six-month period.  See id.  Nor has petitioner shown there is
15 "good reason to believe that there is no significant likelihood of removal in the reasonably
16 foreseeable future."  See id.; (see also Pet. Exhibit J (U.S. Immigration and Customs
17 Enforcement "Decision to Continue Detention," finding petitioner's removal imminent upon
18 receipt of travel document)).

19 Accordingly, the Court finds petitioner has failed to demonstrate he is entitled to
20 release from detention.

## CONCLUSION

22 For the reasons stated above, petitioner's "Petition for Writ of Habeas Corpus, or, in
23 the Alternative, Order to Show Cause" is hereby DENIED.

24 **IT IS SO ORDERED.**

26 Dated: October 12, 2007         MAXINE M. CHESNEY
                                    United States District Judge