```
1  JAMES TODD BENNETT
   Attorney of Law
2  P. O. Box 742
   El Cerrito, CA  94530
3  Telephone:  (510) 232-6559
   California State Bar No.  113009
4
   Attorney for Petitioner
5  RAJINDER PAL SINGH
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RAJINDER PAL SINGH,**<br><br>        Petitioner,<br><br>v.<br><br>**MICHAEL CHERTOFF**, Secretary, Department of Homeland Security, **NANCY ALCANTAR**, Field Office Director, Immigration and Customs Enforcement, and **ALBERTO GONZALES**, Attorney General of the United States,<br><br>        Respondents. | Case No.: C07 3943 MMC<br><br>**NOTICE OF MOTION AND MOTION FOR EMERGENCY STAY OF EXECUTION AND APPLICATION FOR TEMPORARY STAY ORDER PENDING APPEAL**<br>**[FRAP, Rule 8(a)(1)]**<br><br>[Alien Registration No.: A71 789 054] |

Rajinder Pal Singh, petitioner herein, hereby respectfully moves the United States District Court for an order staying the detention and removal of petitioner to India pursuant to the administrative order of exclusion issued by the Board of Immigration Appeals (hereinafter BIA) on or about July 23, 1999 by the Department of Homeland Security, United States of Immigration and Customs Enforcement, San Francisco District

(hereinafter DHS/ICE) by and through the San Francisco District deportation unit, 630 Sansome Street, 5th Floor, San Francisco, California 94111, pending disposition of the appeal of the judgment and order dismissing his petition for writ of habeas corpus before the United States District Court, Northern District of California, issued by the Honorable Maxine M. Chesney, United States District Judge, on or about October 16, 2007. Appeal to the United States Court of Appeals for the Ninth Circuit was taken on or about October 19, 2007.

This application is made pursuant to Federal Rules of Appellate Procedure, Rule 8(a)(1).

Petitioner further respectfully moves the United States District Court for a temporary stay of the execution of the aforementioned final order of removal by the respondents, pending a ruling on the present motion. <u>Maharaj v. Ashcroft</u> 295 F3d 963, 964-6 (9th Cir. 2002).

Execution of the final order of removal by DHS/ICE is imminent since petitioner is in the constructive custody of respondents herein and removal to India is imminent since he subject to report to DHS/ICE or before November 7, 2007. Accordingly, petitioner requests that a temporary order of emergency stay of execution of the final order of removal pending a ruling on the motion for stay.

**II**

**ISSUES ON APPEAL**

1.   The District Court, having evidently found jurisdiction over the petition for habeas corpus, erred in failing to apply controlling precedent in <u>Singh v. Gonzales</u> __ Fed __ (9th Cir. 8/24/07, Case No. 05-16005) where the administrative appellate counsel representing petitioner failed to notify petitioner of the dismissal of his administrative appeal by the Board of Immigration Appeals (hereinafter BIA) thereby depriving petitioner of his Fifth Amendment due process and statutory rights to judicial review secured under Section 309(c)(4) of the transitional rules of the Illegal Immigrant Reform and Immigrant Responsibility Act of 1996 (hereinafter IIRIRA) of the final order of exclusion and where, as in <u>Singh</u>, the remedy is to remand proceedings to the BIA for "re-service" of the final administrative order in dismissing the petition which does not entail habeas review of a final administrative order.   <u>Singh</u> at 10473-4; 10486-8.

2.   The District Court further erred in finding that the BIA has jurisdiction over the aforementioned post-final administrative order error and omission by administrative appellate counsel, and administrative exhaustion is required since the BIA has no jurisdiction over such errors and omissions occurring after entry of the final order under respondent's own

regulations and exercise thereof would be *ultra vires*. 8 CFR, Section 1003.1(d)(1); 1003.1(b) and (c).

    3. Even if the District Court did not err in failing to apply the precedent in Singh, the application of the administrative exhaustion "prudential doctrine" by the District Court is in error where: 1) the purported administrative remedy is one of discretion, not one of right; 2) the District Court misstated the undisputed facts which demonstrate that administrative appellate counsel had the address of petitioner who did not know that such counsel had entered an appearance on his behalf; 3) the administrative procedure described by the District Court applies to ineffective assistance of counsel claims arising *during* administrative proceedings and has no applicability to post-final order proceedings; 4) under Singh there is no deliberate bypassing of an established administrative procedure for review of post-final order ineffective assistance of counsel claims since such procedures do not exist for want of BIA jurisdiction; and 5) the BIA has no mistake of its own to correct. Id.; Noriega Lopez v. Ashcroft 335 F3d 874, 881; Dearinger, ex. rel. Volkova v. Reno 232 F3d 1042, 1045 (9th Cir. 2000.

    4. The loss of petitioner's right to judicial review under 8 USC, Section 1252(b)(1) violates the due process clause

of the Fifth Amendment.  <u>Singh</u> at 10473-4; 10486-8; <u>Dearinger</u> at 1045.

The error and omission herein occurred after entry of the final administrative order by the BIA on July 23, 1999 and does not require review of the final order itself.  Accordingly, the District Court has jurisdiction under <u>Singh</u>.

### III

### BASIS FOR STAY MOTION

The basis for this motion is as follows:

Petitioner incorporates by reference his Petition for Writ of *Habeas Corpus* or, In the Alternative, Order to Show Cause, and the attached exhibits, in support of the factual basis for this motion set forth below.

1.   Petitioner is a citizen and national of India who was born on or about October 2, 1967, at Pelwanbia, Salhan, Punjab, India, and who has been present in the United States of America since 1991.  He is married by religious ceremony only to Navneet Ghotra, also an Indian citizen and national.  The couple has two minor United States citizen children, Carol Singh, age 6, and Kevin Tej Singh, age 8 months.  Petitioner and his family reside in Bakersfield, California, where they own their own residence and petitioner owns and operates two tobacco stores.

2.   Petitioner arrived at the San Francisco International Airport on or about July 25, 1991 and was detained by officers of

the former Immigration and Naturalization Service (hereinafter INS) former delegates of respondent Gonzales, for lack of a travel document or visa.

3.   Thereafter, petitioner's brother, Surinder Singh, retained one Rama Hiralal, a "legal consultant" doing business as the Immigrant Legal Resource Center at 1369 North Carolina Street, No. C, Burlingame, California  94010 (hereinafter Hiralal and ILRC) to represent petitioner in his asylum case.  Unknown to petitioner, Hiralal was not an attorney, but he would hire or otherwise arrange for attorneys to appear in proceedings before the Office of the Immigration Judge, San Francisco, California (hereinafter OIJ/SF).

4.   The INS initiated exclusive proceedings against petitioner with the issuance of a Form I-110 on or about July 26, 1991 which was filed with the OIJ/SF.  Petitioner was charged as being excludable under 8 USC, Section 1182(a)(7)(A)(i)(I).

5.   On or about July 30, 1991 petitioner was released from custody by the former INS and an exclusion hearing before the OIJ/SF set for that date was reset.

6.   Upon his release, petitioner met with Hiralal on no less than three occasions, in the course of which petitioner discussed the nature of his claims for asylum with Hiralal.

7.   On or about August 29, 1991 a Form I-589 was filed on behalf of petitioner in support of his asylum claim before the

-6-

OIJ/SF.  The exclusion hearing was continued on several occasions, with at least three different attorneys appearing, none of whom were previously known to petitioner, including Walter Pineda, then an attorney at law (hereinafter Pineda) who ultimately entered an appearance before the OIJ/SF on or about October 17, 1991.

8.  On or about February 14, 1993 exclusion proceedings commenced before the OIJ/SF.  After testimony commenced, Pineda advised the immigration judge that he had not previously met with petitioner and, in fact, petitioner had never known of or met Pineda before February 14, 1993.  The hearing was continued.

9.  On February 23, 1993, exclusion proceedings resumed before the OIJ/SF.  The immigration judge denied relief under 8 USC, Section 1158 and former Section 1253(h).

10. On or before March 5, 1993 a timely notice of administrative appeal was filed with the BIA on petitioner's behalf.

11. At all times mentioned from 1993 through 2001, petitioner received his mail at Post Office Box 1194, Selma, California  93662, a postal box maintained by his brother Surinder Singh.  During such time, petitioner regularly received his mail at the aforementioned address.  The address was provided to Hiralal.

12.  Thereafter, Sydney Hall, an attorney at law (hereinafter Hall) filed an entry of appearance on behalf of petitioner through unendorsed EOIR27 forms dated June 4, 1993 and July 14, 1993, and an endorsed EOIR27 on October 31, 1994. At no time did petitioner meet or otherwise communicate with Hall and, based on information and belief, Hall was retained on behalf of petitioner by Hiralal.  All of Halls' EOIR27 forms filed with the BIA reflected petitioner's correct mailing address of Post Office Box 1194, Selma, California  93662.

13.  On or about July 14, 1993, Hall filed an extensive administrative appellate brief on behalf of petitioner.

14.  On or about July 23, 1999 the BIA issued a decision and order per curiam dismissing the appeal.  Hall's name and his correct mailing address appear on the BIA's written order as the addressee and counsel for petitioner.

15.  Despite having petitioner's correct mailing address, petitioner never received a copy of the adverse decision and order of the BIA from Hall, or any other source prior to his arrest and detention by the delegates of respondents Chertoff and Alcantar on or about April 18, 2007.  At no time did Hall advise petitioner of the thirty day jurisdictional deadline to file a petition for review under IIRIRA, Section 309(c)(4).  As set forth in his petition, had petitioner received notice of the decision and order petitioner would have filed a timely petition

-8-

for judicial review of the administrative order with the United States Court of Appeals as provided for by the transitional rules.

16. On or about April 18, 2007, petitioner, who by then was the father of two United States citizen children, a homeowner and a successful business in Bakersfield, California, was arrested by the delegates of respondents Chertoff and Alcantar in Bakersfield, California, pursuant to the administratively final order of exclusion. He was thereafter incarcerated at the Santa Clara County Jail.

17. On or about July 3, 2007 respondents Michael Chertoff, Secretary, DHS, and Nancy Alcantar, DHS/ICE, Field Office director, served petitioner with a custody review notice.

18. Through new counsel retained after his arrest, petitioner filed responsive documentation and applied for a travel document on his own behalf and for United States passports for his two children.

19. On or about August 17, 2007, the delegates of respondents Chertoff and Alcantar released petitioner from custody under supervised release, and a reporting date of November 7, 2007 at 800 Truxton, Bakersfield, California 93301 has been set.

20. At all times mentioned herein petitioner had a right to effective assistance of counsel secured by the due process

clause of the Fifth Amendment to the federal constitution. <u>Dearinger ex. Rel. Volkova v. Reno</u> 232 F3d 1042, 1045-6 (9th Cir. 2000).

21. On or about July 31, 2007, petitioner filed his Petition for Writ of Habeas Corpus or, in the Alternative, Order to Show Cause (hereinafter petition).

22. After briefing, the United States District Court, Northern District of California, vacated an October 12, 2007 hearing date, issued a decision denying the petition on October 12, 2007 and entered judgment on October 16, 2007.

23. An appeal to the United States Court of Appeals for the Ninth Circuit was filed on or about October 19, 2007.

**IV**

**STANDARDS FOR STAY**

Under the holding in <u>Maharaj v. Ashcroft</u> 295 F3d 963, 964-6 (9th Cir. 2002) and <u>Abassi v. INS</u> 143 F3d 513, 514 (9th Cir. 1998) petitioner respectfully submits that he is likely to prevail on the merits or, alternatively the issues herein are serious legal questions and the balance of hardships favor petitioners in that:

As to the *ultra vires* acts of respondents, such acts constitute a nullity which do not require a showing of prejudice. <u>Noriega-Lopez</u> 335 F3d 874, 884-885 (9th Cir. 2003). As to the violation of statute, such acts do not require a

showing of prejudice. <u>Bui v. INS</u> 76 F3d 268, 270 (9th Cir. 1996). As to the violations of the due process clause of the Fifth Amendment petitioner has experienced prejudice since:

    a.   The issues on appeal are clear, unequivocal errors of law;

    b.   Petitioner is the father of two minor United States citizen children.

    c.   Petitioner is a homeowner, subject to a mortgage.

    d.   Petitioner is the sole breadwinner for his family and owner and operator of two tobacco businesses subject to leaseholds of the business premises.

    e.   Petitioner will be barred from reentry for at least five years if removed. 8 USC, Section 1182(a)(9)(A)(i).

    f.   Petitioner will be precluded from presenting further evidence in support of his application for relief under 8 USC, Section 1182 and former Section 1243(h) on remand if he is removed.

    g.   Petitioner is deemed vital to the continued cooperation of a citizen informant in an ongoing, unrelated investigation by the California Department of Justice, and the United States Bureau of Alcohol, Tobacco and Firearms.

If removed, petitioner will be separated from his family, unable to support them and will be barred from seeking further

relief despite the constitutional and statutory deprivations herein.

**V**

**IMMINENT REMOVAL PENDING**

Petitioner is in the constructive custody of respondents and is subject to removal from the United States of America to India on or before November 7, 2007 by the Department of Homeland Security, Bureau of Immigration and Customs Enforcement, by and through 630 Sansome Street, Room 548, San Francisco, California 94111. On or about October 29, 2007 a copy of this application was electronically served on the United States Attorney Office, Northern District of California, at 450 Golden Gate Avenue, 9th Floor, San Francisco, California with this filing.

WHEREFORE, petitioner respectfully prays that the United States District Court issue an order:

1.  Temporarily staying the execution of the administrative order of removal set forth herein by the Immigration and Customs Enforcement, Department of Homeland Security pending disposition of this motion for stay.

2.  Staying the detention of petitioner by respondents pending disposition of this motion for stay.

3.  Staying execution of the final order of removal set forth herein pending disposition of the appeal herein; and

    4.  Granting other such relief as the Court deems just and proper.

Dated:  October 29, 2007
                                        _____
                                        JAMES TODD BENNETT
                                        Attorney for Petitioner
                                        RAJINDER PAL SINGH

-13-