SCOTT N. SCHOOLS, SCSBN 9990
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
EDWARD A. OLSEN, CSBN 214150
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-6915
FAX: (415) 436-6927

Attorneys for Respondents

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RAJINDER PAL SINGH, ) <br> ) <br>     Petitioner, ) <br> ) <br> v. ) <br> ) <br> MICHAEL CHERTOFF, Secretary, ) <br> Department of Homeland Security; ) <br> NANCY ALCANTAR, Field Office ) <br> Director, Immigration and Customs ) <br> Enforcement; and ALBERTO ) <br> GONZALES, Attorney General of the ) <br> United States, ) <br> ) <br>     Respondents. ) <br> ) | No. C 07-3943-MMC <br><br> **RESPONDENTS' OPPOSITION TO PETITIONER'S "MOTION FOR EMERGENCY STAY OF EXECUTION AND APPLICATION FOR TEMPORARY STAY ORDER PENDING APPEAL"** |

## I. INTRODUCTION

The petitioner is a native and citizen of India who was ordered excluded from the United States by an Immigration Judge on February 23, 1993, over fourteen years ago. The Board of Immigration Appeals (BIA) affirmed the Immigration Judge's exclusion order on July 23, 1999. The petitioner did not file a petition for review with the United States Court of Appeals for the Ninth Circuit. The petitioner also did not leave the country as directed. On April 18, 2007, the United States Immigration and Customs Enforcement (ICE) arrested the petitioner and intends to remove the petitioner to India forthwith.

1   On July 31, 2007, the petitioner filed a petition for writ of habeas corpus, asserting that he received ineffective assistance of counsel from his former attorney because his former attorney allegedly failed to provide him with a copy of the BIA's July 23, 1999 decision. The petitioner alleged that, as a result of this error, he missed his opportunity to file a timely petition for review of BIA's decision with the Ninth Circuit. This Court denied the habeas petition on October 12, 2007, and entered judgment on October 16, 2007.[1]

The petitioner filed a notice of appeal with the United States Court of Appeals for the Ninth Circuit on October 19, 2007. *See* Petitioner's Motion ¶ 23.

## II. DISCUSSION

As an initial matter, although the petitioner states that his application for a stay of removal is made pursuant to Fed. R. App. P. 8(a)(1), which provides that a party must ordinarily move first in the district court for a stay of the district court's judgment or order, the petitioner waited to file his stay motion with this Court until after he filed his notice of appeal on October 19, 2007. *See* Petitioner's Motion ¶ 23. This is significant because, "[a]s a general rule, the filing of a notice of appeal divests a district court of jurisdiction. *See Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997). Although there are exceptions to the divestiture rule, *see, e.g., Stone v. INS*, 514 U.S. 386, 401-02 (1995), the petitioner has not offered an explanation of what exception to the divestiture rule should apply to this case, such as maintaining the *status quo*, and why this Court has jurisdiction of his stay motion.

In any event, the petitioner has not shown "either (1) a probability of success on the merits and the possibility of irreparable harm, or (2) that serious legal questions are raised and the balance of hardships tips sharply in the moving party's favor." *Maharaj v. Ashcroft*, 295 F.3d 963, 966 (9th Cir. 2002). First, the petitioner has not shown a probability of success on the merits or a serious legal question for the reasons clearly stated in this Court's order denying the habeas petition.

---

[1] The petitioner also alleged in his habeas petition that he was being detained by ICE in violation of his due process rights and various statutory and regulatory provisions. However, the petitioner withdrew that claim shortly after filing the habeas petition when ICE released him on a bond. *See* Parties' August 16, 2007 Stipulation. Nevertheless, in an apparent abundance of caution, this Court addressed and denied the petitioner's detention claim.

OPPOSITION TO STAY MOTION
C-07-3943-MMC                              2

Second, the petitioner has not shown the possibility of irreparable harm or that the balance of hardships tips sharply in his favor. An Immigration Judge issued an exclusion order over 14 years ago and the ICE is entitled to remove the petitioner.[2]

### III. CONCLUSION

For the reasons set forth above, this Court should deny the petitioner's "motion for emergency stay of execution and application for temporary stay order pending appeal."

Date:   October 30, 2007

Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney


/s/
EDWARD A. OLSEN
Assistant United States Attorney
Attorneys for Respondents

---

[2] On page 11, the petitioner states that he "is deemed vital to the continued cooperation of a citizen informant in an ongoing, unrelated investigation by the California Department of Justice, and the United States Bureau of Alcohol, Tobacco and Firearms." However, he has not elaborated on who has deemed him "vital" to this investigation, nor has he submitted any affidavits or other to support his claim.

OPPOSITION TO STAY MOTION
C-07-3943-MMC                                                    3