IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAJINDER PAL SINGH,<br><br>    Petitioner,<br><br>  v.<br><br>MICHAEL CHERTOFF, et al.,<br><br>    Respondents.<br>_____/ | No. C-07-3943 MMC<br><br>**ORDER DENYING PETITIONER'S MOTION FOR EMERGENCY STAY OF EXECUTION AND APPLICATION FOR TEMPORARY STAY ORDER PENDING APPEAL** |

By order filed October 12, 2007, the Court denied petitioner Rajinder Pal Singh's petition for a writ of habeas corpus, on the ground said petitioner was required, as a prudential matter, to exhaust his ineffective assistance of counsel claim with the Board of Immigration Appeals, and had not done so, and that petitioner had failed to demonstrate he was entitled to release from detention. On October 19, 2007, petitioner filed a notice of appeal to the Ninth Circuit Court of Appeals.

Now before the Court is petitioner's "Motion for Emergency Stay of Execution and Application for Temporary Stay Order Pending Appeal," filed October 29, 2007, by which petitioner seeks, pursuant to Rule 8(a)(1) of the Federal Rules of Appellate Procedure, an order "staying the detention and removal of petitioner to India pursuant to the administrative order of exclusion issued by the Board of Immigration Appeals (hereinafter BIA) on or about July 23, 1999." (See Petitioner's Mot. at 1:19-23.) Respondents have filed opposition. Having reviewed the parties' submissions, the Court rules as follows.

1       Under Rule 8(a)(1), a party may seek "a stay of the judgment or order of a district court pending appeal." See Fed. R. App. Proc. 8(a)(1).  A party who seeks such a stay must show either a "probability of success on the merits and the possibility of irreparable injury," or that "serious legal questions are raised and that the balance of hardships tips sharply in [his] favor."  See Lopez v. Heckler, 713 F. 2d 1432, 1435 (9th Cir. 1983).  For the reasons stated below, the Court finds petitioner has failed to show he is entitled to relief.

        As noted, a party seeking relief under Rule 8(a)(1) seeks to stay a "judgment or order of a district court."  Here, the order petitioner seeks to stay is an order of removal issued by the BIA.  The Court, however, lacks jurisdiction to review an order of removal, see 8 U.S.C. § 1252(a)(5), and the Court's order addressing the exhaustion of petitioner's claim that his counsel was ineffective cannot be construed as an order reviewing the propriety of the BIA's order of removal, see Singh v. Gonzalez, 499 F. 3d 969, 979 (9th Cir. 2007) (holding § 1252(a)(5) not a bar to district court's jurisdiction over detainee's petition for writ of habeas corpus alleging ineffective assistance of counsel occurring after issuance of final order of removal, because such a petition "cannot be construed as seeking judicial review of his final order of removal").  Accordingly, this Court lacks jurisdiction, as well as statutory authority, to stay the BIA's order of removal issued on July 23, 1999.

        Alternatively, assuming, arguendo, the Court, by reason of its having denied petitioner's petition for a writ of habeas corpus, has a jurisdictional and statutory basis to stay the BIA's order of removal, the Court finds petitioner has failed to show either a probability of success on the merits of an appeal, or that serious legal questions would be raised in the appeal.  Although petitioner asserts, in conclusory fashion, that the Court erred in denying his petition, petitioner fails to advance any argument to support a finding that there exists a probability of success on the merits of his appeal, or that he will raise serious legal questions on appeal.

        **IT IS SO ORDERED.**

Dated: October 31, 2007

MAXINE M. CHESNEY
United States District Judge

2